UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIDAH ZOMA
AND TALAL ZOMA,

                    **Plaintiffs,**       HON. GEORGE CARAM STEEH

-vs-                               Case No. 2:10-CV-11506

**DEUTSCHE BANK NATIONAL TRUST COMPANY,**
As Trustee of the IndyMac INDX Mortgage Loan Trust 2004-ARS
Mortgage Pass-Through Certificates, Series 2004-AR8
Under the Pooling and Servicing Agreement Dated Sept 2004,
A foreign corporation,

And **COMERICA BANK,**
A foreign corporation,

                    **Defendants.**

---

Ziyad Kased (P72237)
Attorney for Plaintiffs
625 E. Big Beaver, ste 205
Troy, MI 48038
248 680 7300
ziyadkased@gmail.com

Timothy B. Myers (P48152)
Attorney for Defendant—Deutsche Bank National Trust Co. as trustee
1650 W. Big Beaver Road
Troy, MI 48084
248 502 1362
tmyers@orlans.com

Susan Carino Nystrom (35407)
Attorney for Comerica Bank
363 W Big Beaver Rd Ste 250
Troy, MI 48084
248 720 0290
snystrom@sgfattorneys.com

---

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY AS
TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES**

1

NOW COMES Defendant Deutsche Bank National Trust Company as trustee of the IndyMac INDX Mortgage Loan Trust 2004-ARS Mortgage Pass-Through Certificates, Series 2004-AR8 Under the Pooling and Servicing Agreement Dated Sept 2004 ("Deutsche"), by and through counsel, and submits this ANSWER and Affirmative Defenses, as follows:

1. Admit, upon information and belief.

2. Unknown at this time and therefore denied; Deutsche leaves Plaintiffs to their proofs.

3. Admit only that Deutsche holds an interest in certain real property located within this Court's jurisdiction.

4. Admit that this Court is properly vested with jurisdiction following Deutsche's Removal from state court.

5. Denied that the lender on the referenced mortgage was New Century Mortgage for the reason that this is untrue.

6. Denied as untrue.

7. Denied as untrue.

8. Denied as untrue.

9. Denied as untrue.

10. Denied as untrue that Deutsche ever received a Qualified Written Request.

11. Deutsche admits only that it has been granted a Judgment of Possession by the 48th District Court following summary eviction proceedings in that Court.

## COUNT I: REQUEST FOR A TEMPORARY INJUNCTION
## AS TO STATE LAW CLAIMS

12. No response required.

13. Denied as untrue that Plaintiff has any valid or meritorious defenses to the Judgment entered by the state court in the eviction action or to the non-judicial foreclosure.

14. Denied as untrue.

15. The state Circuit Court denied the relief sought in this Count prior to Removal; by way of additional response the foreclosure has been deemed valid by the state eviction court and it would be inappropriate for this Court to consider the relief requested under the Rooker-Feldman Doctrine.

WHEREFORE, Defendant requests this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendant costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT II: VIOLATION OF MICHIGAN'S FORECLOSURE BY
## ADVERTISEMENT STATUTE—MCL 600.3212

16. No response required.

17. Deutsche is without knowledge of what Plaintiffs know or when they claim to have acquired that knowledge; by way of further response Deutsche states that notice of the foreclosure sale fully complied with that required by statute.

18. The cited statute speaks for itself and requires no response.

19. Denied as untrue.

20. Denied as untrue.

21. The chain of title is set forth in the notice of foreclosure sale that was posted to Plaintiffs' property and published in a county in which the property is located for four weeks, as required by statute.

WHEREFORE, Defendant requests this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendant costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

### COUNT III: DECLARATORY RELIEF THAT THE NAMED DEFENDANTS ARE NOT HOLDERS OF THE MORTGAGE NOTE AND THEREFORE THE DEBT AND MORTGAGE IS NULL AND VOID

22. No response required.

23. The cited statute speaks for itself and requires no response; by way of additional response, it is denied as untrue that "ownership of the Note" is required to conduct a non-judicial foreclosure sale, as the pre-requisites for the sale are controlled by statute.

24. Denied as untrue that the sheriff's sale was "illegal."

25. Denied for the reason that the allegations contained in this Paragraph make no sense; by way of additional response, it is denied as untrue that "ownership of the Note" is required to conduct a non-judicial foreclosure sale, as the pre-requisites for the sale are controlled by statute.

26. Denied as untrue that the foreclosure was null or void; by way of additional response a state court has previously determined that the sale was valid and therefore this Court is barred by Rooker-Feldman from reconsidering that issue.

WHEREFORE, Defendant requests this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendant costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT IV: QUIET TITLE RELIEF

27. No response required.

28. Admit that Plaintiffs may currently hold a possessory interest in the property, although the state eviction court has granted Deutsche the right to seize possession.

29. Denied that Deutsche is "attempting to foreclose" for the reason that foreclosure is complete and Deutsche has been granted Judgment of Possession by the state eviction court.

30. Denied as untrue that the foreclosure was null or void; by way of additional response a state court has previously determined that the sale was valid and therefore this Court is barred by Rooker-Feldman from reconsidering that issue.

WHEREFORE, Defendant requests this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendant costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT V: CIVIL CONSPIRACY

31. No response required.

32. Deutsche denies as untrue the allegations contained in sub-paragraphs (1)-(7) of this Paragraph.

33. Denied as untrue.

34. Denied as untrue.

35. Denied as untrue.

36. Denied as untrue.

WHEREFORE, Defendant requests this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendant costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

### COUNT VI: FRAUDULENT MISREPRESENTATION

37. No response required.

38. Denied as untrue.

39. Denied as untrue.

40. Denied as untrue.

41. Denied as untrue.

42. Denied as untrue.

43. Denied as untrue.

44. Denied as untrue.

45. Denied as untrue.

46. Denied as untrue.

WHEREFORE, Defendant requests this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendant costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT VII: FRAUDULENT CONVERSION

47. No response required.

48. Denied as untrue.

49. Denied as untrue.

50. Denied as untrue.

WHEREFORE, Defendant requests this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendant costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT VIII: PROMISSORY ESTOPPEL

51. No response required.

52. Denied as untrue; by way of further response Plaintiffs have failed to identify the alleged promise.

53. Denied as untrue; by way of further response Plaintiffs have failed to identify the alleged promise.

54. Denied as untrue.

55. Denied as untrue.

56. Denied as untrue.

57. Denied as untrue.

58. Denied as untrue.

WHEREFORE, Defendant requests this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendant costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT IX: BREACH OF CONTRACT

59. No response required.

60. Denied as untrue.

61. Denied as untrue.

62. Denied as untrue.

63. Denied as untrue.

64. Denied as untrue.

65. Denied as untrue.

66. Denied as untrue.

WHEREFORE, Defendants request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendants costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT X: VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 USC 2605 BY DEFENDANTS

67. No response required.

68. Denied as untrue as it relates to Deutsche; any allegations that relate to co-Defendant Comerica Bank are denied for the reason that Deutsche lacks knowledge to respond.

69. The cited authority speaks for itself and requires no response.

70. The cited authority speaks for itself and requires no response.

71. The cited authority speaks for itself and requires no response.

72. The cited authority speaks for itself and requires no response.

73. The cited authority speaks for itself and requires no response.

74. Denied as untrue.

75. Deutsche is not the loan servicer and did not receive any Qualified Written Request.

76. Deutsche is not the loan servicer and did not receive any Qualified Written Request; by way of further response the documents identified by Plaintiffs as a "Qualified Written Request" does not satisfy the legal definition of a QWR.

77. Deutsche is not the loan servicer and did not receive any Qualified Written Request; by way of further response the documents identified by Plaintiffs as a "Qualified Written Request" does not satisfy the legal definition of a QWR.

78. Denied as untrue.

79. Denied as untrue.

WHEREFORE, Defendant requests this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendant costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

### COUNT XI: VIOLATIONS OF THE FAIR HOUSING ACT, 42 USC 3601

80. No response required.

81. Denied as untrue.

82. Denied as untrue.

83. Denied as untrue.

84. The cited statute speaks for itself.

85. The cited authorities speak for themselves.

86. Denied as untrue.

87. Denied as untrue.

88. Denied as untrue.

WHEREFORE, Defendant requests this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendant costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs are barred from recovery pursuant to the Statute of Frauds.

3. Plaintiffs have failed to name the proper party in interest.

4. Plaintiffs are barred from recovery pursuant to the Statute of Limitations.

5. Plaintiffs are barred from recovery as a result of their own wrongful or negligent conduct.

6. Plaintiffs' actions or omissions are the direct and/or proximate cause of all damages alleged in the Complaint.

7. Plaintiffs' claims are barred as a result of their failure to mitigate the alleged damages.

8. Defendant acted reasonably and performed its duties and obligations with due care at all times relevant to the above caption case.

9. Defendant did comply with any and all expressed and implied contractual terms in the subject mortgage.

10. Defendant complied with Michigan Foreclosure By Advertisement statute MCL 600.3201 et seq.

11. Defendant complied with state and federal law in all assignments made on the subject mortgage.

12. There were no misrepresentations made to Plaintiffs.

13. Defendant fully complied with all duty requirements under the law, if any were owed.

14. All notice requirements under the mortgage have been complied with.

15. Plaintiffs are barred under the doctrines of accord and satisfaction; laches; waiver; collateral estoppel; Rooker Feldman and/or res judicata, and prior agreement to arbitrate.

16. Defendant reserves the right to assert any other affirmative defenses that may become known through further research and discovery.

Respectfully submitted,

ORLANS ASSOCIATES, P.C.

/s/ Timothy B. Myers
Timothy B. Myers (P48152)
Attorney for Defendant—Deutsche Bank National Trust Co. as trustee
1650 W. Big Beaver Road
Troy, MI 48084
248 502 1362
tmyers@orlans.com

Dated: April 19, 2010