UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIDAH ZOMA and
TALAL ZOMA,

      Plaintiffs,

                                               Case No. 10-CV-11506
v.                                           HON. GEORGE CARAM STEEH

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
of the IndyMac INDX Mortgage Loan
Trust 2004-ARS Mortgage Pass-Through
Certificates, Series 2004-AR8 Under the
Pooling and Servicing Agreement Dated
Sept 2004, a foreign corporation,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On February 10, 2010, plaintiffs filed an 11-count complaint in Oakland County Circuit Court asserting various consumer-related statutes and common law violations, all arising out of the origination of their residential mortgage loan. On April 15, 2010, defendant removed the case to this court. On September 7, 2010, defendant filed a motion for summary judgment. The court originally scheduled the motion for hearing. Upon review of the parties' papers, however, the court finds that oral argument is not necessary. See Local Rule 7.1(f). In its motion, defendant argues the claims are barred by 12 U.S.C. §1821(d)(13)(D), which requires the exhaustion of a statutorily mandated administrative claims process for claims based on acts or omissions committed by a failed depository

institution. In this case, the actions upon which plaintiffs' claims are based took place prior to the FDIC executing the Quit Claim Deed to Deutsche Bank. Defendant also argues the claims fail for substantive reasons. Plaintiffs filed a response to the motion for summary judgment. However, plaintiffs' response fails to address many of defendant's arguments and contains numerous misstatements. It appears plaintiffs simply filed a brief prepared for another case, with minor revisions. The response brief contains issues, arguments, and references that do not apply to this case. The court notes the following inaccuracies or deficiencies in plaintiffs' brief:

- Plaintiffs cite, and rely upon, the standard of review used in state court for a summary disposition motion for failure to state a claim, rather than the federal court standard for a motion for summary judgment.

- On page 7 of their brief, plaintiffs distinguish cases which were not cited by defendant in its motion for summary judgment. Plaintiffs incorrectly state that one of the cases was "cited by Defendant."

- Plaintiffs refer to a "proposed amended complaint" but have not filed a motion seeking leave to amend, nor have they filed any document with the court suggesting they have actually crafted a proposed amended complaint.

- Plaintiffs state "there is no specific power of sale clause in the Defendant's mortgage" even though page 2 of the mortgage document clearly provides "power of sale."

- On page 12 of their brief, plaintiffs claim to attach a deposition transcript but no deposition transcript is attached.

- Plaintiffs state they filed this lawsuit "during the redemption period" but they filed the case on February 10, 2010 and the redemption period expired September 10, 2009.

- Plaintiffs seek a temporary injunction "due to the imminent threat of foreclosure and eviction" but the foreclosure has already occurred and an eviction order has been obtained.

- Several times in the response brief, plaintiffs reference a "loan audit report" that they claim to attach as exhibit 6 to their brief. However, exhibit 6 does

2

not contain an audit report.

As plaintiffs' response brief is replete with inaccuracies and fails to address the substance of defendant's arguments, plaintiffs' response is effectively no response. Plaintiffs have failed to provide specific support for their claims. Plaintiffs' affidavit in support of their response brief simply states that they did not receive "posted notice of [the] foreclosure sale date" at their residence and that "it was never advertised in the legal newspaper." While such testimony conflicts with the affidavits of posting and newspaper notice submitted by the parties, plaintiffs' affidavit does not claim that they did not know of their default, of the sheriff's sale, or of the expiration of the redemption period. Plaintiffs received $244,000.00 in October 2004, made payments for several years, defaulted, went through foreclosure, allowed their statutory right of redemption to expire, have had an eviction judgment entered against them, and then filed this lawsuit. Defendant is therefore entitled to summary judgment and plaintiffs' claims are dismissed.[1]

SO ORDERED.

Dated: October 26, 2010

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 26, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

[1] Plaintiffs' motion to compel (Dkt. #15) is hereby deemed moot.